UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Los Alamos National Bank v. Jeffrey W. Potter, et al. |
| **Case Number:** | 05-01149 |

## Document Information

| | |
|---|---|
| **Description:** | Order Denying [6-1] Motion To Dismiss Adversary Proceeding for Lack of Jurisiction over the Person and for Improper Venue by Martin S. Friedlander Denying [7-1] Motion to Transfer Adversary to the US Bankruptcy Court for the Central District of California by Martin S. Friedlander . |
| **Received on:** | 2006-01-18 11:10:43.000 |
| **Date Filed:** | 2006-01-18 00:00:00.000 |
| **Date Entered On Docket:** | 2006-01-18 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITES STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    Jeffery Watson Potter,
    Debtor.                               No. 11-05-14071 MS

Los Alamos National Bank,
    Plaintiff,
v.                                       Adv. No. 05-1149 M

Jeffery W. Potter, Legal Defense
and Maintenance Trust of California
Dated 8/25/03, Mariana Danilovic, Trustee,
Martin S. Friedlander, Kitty Miller,
French & French Fine Properties, Inc.
and Summit Investment Company, LLC,
    Defendants.

## ORDER DENYING MOTION TO DISMISS AND/OR TO TRANSFER VENUE AND ABSTAINING FROM ADJUDICATION OF ADVERSARY PROCEEDING

THIS MATTER is before the Court on Martin S. Friedlander, Esq.'s Motion to Dismiss Under FRCP Rule 12B(2)and (3), For Lack of Jurisdiction Over the Person, and For Improper Venue and also Under 28 U.S.C. §§ 1409, 1410 and 1412 and/or to Transfer to the United States Bankruptcy Court for the Central District of California (the "Motion to Dismiss or Transfer Venue"). This adversary proceeding was commenced by the Complaint to Determine Validity, Priority or Extent of Liens and for Declaratory Judgment (the "Complaint") filed on July 5, 2005 by Los Alamos National Bank ("Plaintiff").

The relevant allegations in the Complaint are as follows:

On May 19, 2005, Jeffery W. Potter (the "Debtor") filed this Chapter 11 bankruptcy proceeding. At that time, Debtor resided in New Mexico and his principal place of business was in New Mexico. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K);

1

Rule 7001(2) and (9) involving the distribution of bankruptcy estate property consisting of the proceeds from the pre-petition sale of the Debtor's property located at 432 Galisteo Street, Santa Fe, New Mexico (the "Property"). At the time of the sale, Debtor, Plaintiff, and the other defendants executed Escrow Instructions concerning the disposition of the proceeds of sale of the Property in the amount of $76,428.45 (the "Funds") on deposit with Rio Grande Title Company of Santa Fe. The escrow agent will disburse the Funds in accordance with written instructions agreed to by all interested parties.

In 2002 Plaintiff issued a credit card to Debtor and in 2003 Debtor executed a note (the "Note") in favor of Plaintiff secured by certain collateral. The Funds are part of the collateral securing the Note. Defendant, Martin S. Friedlander, ("Defendant Friedlander") claims to have an attorney's lien on the Funds superior to the lien held by Plaintiff. The attorney's lien is based on Defendant Friedlander's representation of the Debtor in a lawsuit in New Mexico. The Complaint asks the Court to determine that Plaintiff's lien on the Funds is superior to any interest of Defendant Friedlander in the Funds, except to the extent that this Court determines that Defendant Friedlander has a valid attorney's lien on the Funds. The Complaint asks the Court to issue a judgment declaring the rights, status and relevant legal relations of Plaintiff and the defendants to the Funds, and to order defendant Rio Grande Title Company to disburse the Funds accordingly. This adversary proceeding presents identical claims as those before the court in *LANB v. Jeffrey W. Potter, et al.,* No. D-101-CV-2004-1145 (the "state court action"). The Court has entered on even date herewith an order in the bankruptcy proceeding modifying the automatic stay to allow the state court action to continue to final judgment in the First Judicial District Court, Santa Fe County, New Mexico (the "state court").

2

## Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Friedlander argues that this Court lacks personal jurisdiction over him under the test applied by federal courts sitting in diversity jurisdiction. Defendant Friedlander does not complain of improper service under Rule 7004, Fed. R. Bankr. P. Instead of invoking diversity jurisdiction, this action invokes federal question jurisdiction under Title 11 of the United States Code; therefore, the Court will apply the federal, not state, minimum contacts test to analyze personal jurisdiction. *Lipshie v. AM Cable TV Industries, Inc. (In re Geauga Trenching Corp.)*, 110 B.R. 638, 648 (Bankr. E.D.N.Y. 1990), cited in *In re Hatchrite Corp.*, 211 B.R. 58, 61 (Bankr. E.D. Okla. 1997). The federal minimum contacts test is satisfied by the proper service of a defendant under Rule 7004, Fed. R. Bankr. P. who resides in the United States. *Lipshie,* 110 B.R. at 648 (stating that Congressional power to authorize nationwide service of process in cases enforcing federal law is beyond question). Therefore, this Court has personal jurisdiction over Defendant Friedlander.

## Motion to Dismiss for Improper Venue

It is undisputed that Debtor resided in and had his principal place of business and principal assets in New Mexico during the 180 day period prior to the bankruptcy filing. Pursuant to 28 U.S.C. 1408(1),[1] this bankruptcy proceeding was properly commenced in the District of New Mexico. New Mexico is also the proper venue for this adversary proceeding pursuant to § 1409(a), which states,

---

[1] Section 1408(1) provides as follows:
. . . a case under title 11 may be commenced in the district court for the district–
    (1) in which the domicile, residence, principal place of business in the United States or principal assets in the United States, of the person or entity that is the subject of case have been located for the one hundred and eighty days immediately preceding such commencement, . . . 28 U.S.C. § 1408(1).

3

> . . . a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

28 U.S.C. § 1409(a). Therefore, Defendant Friedlander's Motion to dismiss for improper venue is denied.

## Motion to Transfer Venue

Defendant Friedlander argues that because he resides in and practices law in Los Angeles, California, this adversary proceeding should be transferred to the Bankruptcy Court for the Central District of California. Defendant Friedlander argues that one of the defendants, the Legal Defense and Maintenance Trust of California Dated 8/25/03 (the "Trust")[2] was created by the Debtor to fund litigation in New Mexico in which Defendant Friedlander represented Debtor and provides "all litigation to enforce, set aside, or interpret the provisions of the Trust shall be brought in Superior Court of Los Angeles, California." Defendant Friedlander argues that California is the appropriate venue for this proceeding under the terms of the Trust. However, this adversary proceeding does not directly involve the terms of the Trust agreement, and Plaintiff is not a party to the Trust agreement; therefore, Plaintiff is not bound by the venue provision. *See Cameron v. Group Voyagers, Inc.*, 308 F.Supp.2d 1232, 1237 (D. Colo. 2004)(stating forum selection clause is unenforceable against individuals who did not bargain for or expressly agree to be bound by the provision).

Next, Defendant Friedlander argues that this adversary proceeding should be transferred to the

---

[2] According to the Complaint, the Trust owned an interest in the Property. The collateral described in the loan agreement between Debtor and Plaintiff included the proceeds of the sale of the Property, subject to pre-existing liens and the Debtor's right, title and interest in any and all assets held by the Trust. The Trust guaranteed all amounts owed by Debtor to Plaintiff under the note. Complaint ¶¶ 3, 15, 17-19.

4

Central District of California "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The party moving for transfer of a proceeding has the burden of proving by a preponderance of the evidence that a transfer would be in the interest of justice or for the convenience of the parties. *In re Wheeler*, 69 B.R. 29, 31 (Bankr. D.N.M. 1986). In determining whether to transfer this proceeding, the Court will consider the following factors: 1) the relative ease of access to the sources of proof; 2) the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; 3) the enforceability of a judgment if obtained; 4) the applicability of a particular state law and the local interest in applying that law through courts within the state; 5) the responsibilities and difficulties of court administration; 6) the relative advantages and obstacles to fair trial; and 7) other practical matters which encourage the efficient and inexpensive trial of the case. *Id.*, citing *In re Cole Associates, Inc*. 7 B.R. 154, 156 (Bankr.D.Utah 1980).

The first and second factors involve issues related to obtaining and presenting evidence. The Complaint seeks a determination of the validity of an attorney's lien asserted by Defendant Friedlander, and if valid, whether the attorney's lien has priority over Plaintiff's lien on the Funds. Plaintiff argues that this issue requires a determination as to whether Debtor entered into an agreement to retain Defendant Friedlander and whether Debtor agreed to the creation of an attorney's lien. This showing requires at least one witness from California, Defendant Friedlander and one residing in New Mexico, the Debtor. Plaintiff asserts that its remaining witnesses, at least one representative of Plaintiff and one representative of Rio Grande Title Company, are from New Mexico and are necessary to complete a determination as to distribution of the Funds. Plaintiff cannot compel the attendance of the Debtor or a representative of Rio Grande Title Company at a trial in California, which will be necessary to prove its

5

case. As for documentary evidence, Defendant Friedlander argues that he will have to transport several boxes of documents containing records of his representation of Debtor to prove the value of his services and thus, the amount of his lien. He asserts that it would be extremely burdensome to transport those documents to New Mexico for discovery and trial. Despite the burden of producing documentary evidence, the witnesses are primarily from New Mexico; and therefore, the Court finds that the first and second factors weigh in favor of denying transfer. The third factor is also not favorable to transfer because the Funds are located in this state and there is no question regarding enforceability of this Court's judgment in New Mexico.

The fourth factor involves a determination of which state's law applies to this action. Defendant Friedlander argues that California law governs because the retainer agreement executed by himself, the Debtor and the trustee of the Trust provides that "the laws of California shall apply to the interpretation, validity and enforcement of this Agreement." Motion to Dismiss or Transfer Venue at p. 3. However, Defendant Friedlander has not presented a copy of the retainer agreement to support his argument. Plaintiff argues that New Mexico common law should govern the validity and priority of Defendant Friedlander's asserted lien. The Court finds that neither side is benefitted by this factor. Despite which state's law applies, this Court is competent to apply either.

With regard to the rest of the factors, no evidence has been submitted to show whether this Court's trial calendar is more or less crowded than the California Court's calendar; therefore this factor favors neither party. Moreover, neither side argues that a fair trial is more likely in either forum.

The inconvenience and expense of attending trial in New Mexico, although arguably burdensome on Defendant Friedlander, is counter balanced by the burden on Plaintiff if the proceeding

6

were transferred to California. "Where a transfer would merely shift the inconvenience from one party to the other or where after balancing all the factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed." *In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bankr. Utah 1980). Upon consideration of all of the factors regarding change of venue, this Court finds that Defendant Friedlander has failed to show by a preponderance of the evidence that a transfer of venue is warranted.

Abstention

In the bankruptcy proceeding, the Court approved a settlement set forth in the Motion for Approval of Agreement Between Debtor and Los Alamos National Bank to Modify Automatic Stay (Doc. No. 36) that will lift the stay with respect to the state court action allowing it to continue being adjudicated. Because this proceeding involves identical claims as the state court action that are based on state law, the Court has determined *sua sponte* that it will abstain from adjudicating this adversary proceeding. *In re Dayton Title Agency, Inc.*, 304 B.R. 323, 329 (Bankr. S. D. Ohio 2004) (stating that the decision to abstain is "in the sound discretion of the bankruptcy judge and can be raised *sua sponte* as long as the parties have an opportunity to be heard.") (citation omitted).

This proceeding invokes the Court's core jurisdiction therefore, abstention is not mandatory but is voluntary. Section 1334(c)(2) governs voluntary abstention and provides,

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(2). This adversary proceeding is in its beginning stages, involves the same parties as the state court action, presents the same claims under state law as those in the state court action, and

7

will affect the administration of the bankruptcy estate only if there are any funds available after the state court adjudicates the rights of Plaintiff, the Trust and Defendant Friedlander to the Funds. Therefore, this Court will abstain from adjudicating this adversary proceeding, which will be stayed until a decision is rendered in the state court action.

THEREFORE, the Motion to Dismiss or Transfer Venue is DENIED.

FURTHER ORDERED that this Court abstains from adjudicating this proceeding and stays this proceeding.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

James R. Jurgens
Attorney for Plaintiff
100 LaSalle Circle, Suite A
Santa Fe, NM 87505

Martin S. Friedlander, Esq.
Defendant pro se
10350 Wilshire Blvd.
Suite 603
Los Angeles, CA 90024

Chris W. Pierce
Attorney for Debtor
P.O. Box 6
Albuquerque, NM 87103

Summit Investment Company, LLC
Attention: Jeffrey W. Potter
P.O. Box 8280
Santa Fe, NM 87504-8280

Alice N. Page
U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103

French & French Fine Properties, Inc.
c/o Patricia G. French
231 Washington Ave.
Santa Fe, NM 87501

Eric Sommer, Esq.
Attorney for French & French
P.O. Box 1984
Santa Fe, NM 87504

Legal Defense and Maintenance Trust
c/o Mariana Danilovic, Trustee
20380 Big Rock Drive
Malibu, CA 90024

Kitty Miller
P.O. Box 8748
Santa Fe, NM 87504

*Ellen C. Snyder*

Ellen C. Snyder
Law Clerk

9