# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Los Alamos National Bank v. Jeffrey W. Potter, et al.

**Case Number:** 05-01149

### Document Information

**Description:** Order Denying [26-1] Motion for Recusal of Judge by Martin S. Friedlander .

**Received on:** 2006-02-13 14:32:38.000

**Date Filed:** 2006-02-13 00:00:00.000

**Date Entered On Docket:** 2006-02-13 00:00:00.000

### Filer Information

**Submitted By:** Ellen Snyder

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITES STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    Jeffery Watson Potter,
    Debtor.                                              No. 11-05-14071 MS

Los Alamos National Bank,
    Plaintiff,
v.                                                          Adv. No. 05-1149 M

Jeffery W. Potter, Legal Defense
and Maintenance Trust of California
Dated 8/25/03, Mariana Danilovic, Trustee,
Martin S. Friedlander, Kitty Miller,
French & French Fine Properties, Inc.
and Summit Investment Company, LLC,
    Defendants.

## ORDER DENYING MARTIN S. FRIEDLANDER'S REQUEST
## FOR RECUSAL OF JUDGE

THIS MATTER is before the Court on Martin S. Friedlander's Request for Recusal of Judge (the "Request") filed on February 3, 2006. Having reviewed the Request and the applicable law, the Court denies the Request and finds:

    1. Martin S. Friedlander ("Friedlander") is a creditor in this bankruptcy proceeding and a party in this adversary proceeding.

    2. Friedlander states that as disclosed by the Court at a status conference in the bankruptcy proceeding, a former law clerk of the Court is the daughter of Richard P. Cook ("Cook"), who is a creditor in the bankruptcy proceeding and a party in another adversary proceeding related to this bankruptcy proceeding.

    3. Cook is not a party to this adversary proceeding.

1

Discussion

Recusal is governed by 28 U.S.C. § 455, which states in relevant part:

§ 455. Disqualification of justice, judge, or magistrate judge
    (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
. . .

    (b) He shall also disqualify himself in the following circumstances:

        (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

28 U.S.C. § 455(a) and (b)(1).

Recusal under § 455 is warranted where "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "[R]ecusal is necessary if there is evidence of actual bias. . ." *Frates v. Weinshienk,* 882 F.2d 1502, 1504 (10th Cir. 1989). Involvement of a former law clerk in a proceeding, such as counsel for a party, is not sufficient to require recusal of a judge. *See In re Cooke*, 160 B.R. 701, 707 (Bankr. D. Conn. 1993)(recusal not necessary where former law clerk represented a party in a case); and *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (N. Mariana Islands 2003)(recusal not warranted where one of the parties was a former law clerk of presiding judge). The relationship between Cook and this Court is even more distant than those described in *Jorgensen* and *In re Cooke*. Moreover, while the former law clerk is related to a party, she is not herself a party. The Court finds that recusal is not appropriate. Cook is not a party to this adversary proceeding and even though he is a party in the bankruptcy proceeding, the relationship between the Court and Cook through Cook's daughter is too tenuous to cause a reasonable doubt as to the Court's impartiality. Friedlander has presented no

evidence supporting a finding of bias or showing that the Court's impartiality might reasonably be questioned.[1]

THEREFORE, IT IS ORDERED that the Request is DENIED.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

James R. Jurgens
Attorney for Plaintiff
100 LaSalle Circle, Suite A
Santa Fe, NM 87505

Martin S. Friedlander, Esq.
Defendant pro se
10350 Wilshire Blvd.
Suite 603
Los Angeles, CA 90024

Chris W. Pierce
Attorney for Debtor
P.O. Box 6
Albuquerque, NM 87103

Summit Investment Company, LLC

Attention: Jeffrey W. Potter
P.O. Box 8280
Santa Fe, NM 87504-8280

Alice N. Page
U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103

Eric Sommer, Esq.
Attorney for French & French
P.O. Box 1984
Santa Fe, NM 87504

Legal Defense and Maintenance Trust
c/o Mariana Danilovic, Trustee
20380 Big Rock Drive

---

[1] Friedlander argues that the Court may not rule on any other matters in this adversary proceeding until it has ruled on the Request. However, Friedlander is referring to a requirement from a statute that only applies to District Court judges. *See* 28 U.S.C. § 144 (requiring that a presiding judge proceed no further in a proceeding until another judge rules on the sufficiency of the affidavit of bias); *Pilla v. American Bar Ass'n*, 542 F.2d 56, 58 (Ct. App. Minn. 1976)("Section 144 is limited in application to proceedings in a district court.").

Malibu, CA 90024

Kitty Miller
P.O. Box 8748
Santa Fe, NM 87504

_____
Ellen C. Snyder
Law Clerk

4