UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JEFFERY W. POTTER,                                           No. 7-05-14071 MS

     Debtor.
_____

LOS ALAMOS NATIONAL BANK,

     Plaintiff,

v.                                                                    No. 05-1149 M

JEFFERY W. POTTER; LEGAL DEFENSE AND
MAINTENANCE TRUST OF CALIFORNIA DATED
8/25/03; MARIANA DANILOVIC, Trustee; MARTIN
S. FRIEDLANDER; KITTY MILLER; FRENCH & FRENCH
FINE PROPERTIES, INC.; and SUMMIT INVESTMENT
COMPANY, LLC,

     Defendants.

## ORDER GRANTING, IN PART, and DENYING, IN PART, LOS ALAMOS NATIONAL BANK'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS AGAINST MARTIN S. FRIEDLANDER

THIS MATTER is before the Court on Los Alamos National Bank's Motion for Civil Contempt and Sanctions Against Martin S. Friedlander (Docket # 63), as supplemented by Los Alamos National Bank's Supplement to Motion for Civil Contempt and Sanctions Against Martin S. Friedlander (Docket #126) (together "Motion for Contempt and for Sanctions"). The Motion for Contempt and for Sanctions requests the Court to impose of sanctions against Martin S. Friedlander pursuant to the Court's equitable powers under 11 U.S.C. § 105(a), based on Mr. Friedlander's filing of a lawsuit against Los Alamos National Bank ("LANB") in the United States District Court for the District of California, as cause No. CV-06-6870 DDP/(RCX)

1

("California Action").[1]  Alternatively, LANB asserts that the filing of the California Action and continued prosecution of the California Action in New Mexico following the transfer of the California Action to the United States District Court for the District of New Mexico constitutes a willful violation of the automatic stay under 11 U.S.C. § 362(a)(3).  LANB seeks sanctions against Martin Friedlander for the amount of the attorneys fees LANB incurred in defending the California Action.

The Court held a final hearing on the Motion for Contempt and for Sanctions on August 3, 2007 and took the matter under advisement.  Upon review of the Motion for Contempt and for Sanctions in light of the evidence and testimony presented at the final hearing and the relevant Rules, Bankruptcy Code sections, and case law, the Court finds that the Motion for Contempt and for Sanctions must be denied to the extent it seeks an imposition of monetary sanctions for contempt in violation of a specific court order, but granted, in part, based on a willful violation of the automatic stay.

## DISCUSSION

As a preliminary matter, the Court finds that to the extent the Motion for Contempt and for Sanctions constitutes a request for sanctions under Rule 11, Fed.R.Civ.P., the Motion for Contempt and for Sanctions must be denied.  Rule 11, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9011, Fed.R.Bankr.P., provides for the imposition of an appropriate sanction, if, after notice and a reasonable opportunity to respond, the court determines that the party violated the rule by presenting to the court any written motion or other

---

[1] The California Action was subsequently transferred by the United States District Court for the District of California to the United States District Court for the District of New Mexico.

2

paper for an improper purpose. Rule 11(b) and (c), Fed.R.Civ.P. A party seeking to initiate a motion for sanctions under Rule 11, Fed.R.Civ.P. may not file the motion with the court until after serving the motion on the opposing party and giving that party twenty-one days within which to withdraw or correct the challenged paper. Rule 11(c)(1)(A), Fed.R.Civ.P. No notice of the Motion for Contempt and for Sanctions was given in accordance with Rule 11(c)(1)(A), Fed.R.Civ.P. Furthermore, such a motion would have been more properly brought in the California Action. Consequently, sanctions cannot be imposed under Rule 11, Fed.R.Civ.P.

<u>Civil Contempt Based on Violation of Court Order</u>.

LANB alleges that, by filing the California Action, Mr. Friedlander violated a specific court order. "To be held in contempt, 'a court must find the party violated a specific and definite court order and the party had notice of the order.'" *In re Lucre Management Group, LLC,* 365 F.3d 874, 875 (10th Cir. 2004) (quoting *In re Nielsen,* 53 F.3d 342 (Table), 1995 WL 247461, at *1 (10th Cir. April 27, 1995)). The order LANB contends Mr. Friedlander violated is this Court's Order Denying Motion to Dismiss and/or to Transfer Venue and Abstaining from Adjudication of Adversary Proceeding[2] ("Order") (Docket # 22).

That Order found that venue was proper pursuant to 28 U.S.C. § 1409(a) and that the Court had personal jurisdiction over Defendant Martin Friedlander. *Id.* The decretal paragraph ordered that the motion to dismiss or transfer venue was denied. *Id.* LANB asserts that because the Order found that venue was proper in this Court, Mr. Friedlander's initiation of the California Action when he knew of this Court's determination of proper venue was in contempt

---

[2]The Court subsequently granted LANB's motion to reconsider the Order and set aside that portion of the Order indicating that the Court would abstain from hearing this adversary proceeding. *See* Order Granting Plaintiff's Motion for Reconsideration (Docket # 28).

3

of the Order. This Court disagrees.

Nothing in the Order directs or prohibits either party to this adversary proceeding to take or refrain from taking any specific action. Unlike the order in *Lucre Management*, which specifically ordered that collected funds were to be used solely to pay certain expenses, the Order contains no specific directive. *See, Lucre Management,* 365 F.3d at 875 (affirming finding of contempt where debtor used funds to pay administrative costs in violation of order "requiring that 'whatever funds are collected from the properties are to be used solely to pay expenses of the properties . . . '"). The Court, therefore, concludes that sanctions cannot be imposed under the Court's general civil contempt powers based on a violation of a prior, specific and definite court order.

<u>Civil Contempt based on Violation of Automatic Stay.</u>

LANB argues, alternatively, that the filing of the California Action constitutes a willful violation of the automatic stay. Pursuant to 11 U.S.C. § 362(h),

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

Section 362(h) applies to "individuals." *Id.* LANB is not an "individual" and, therefore, does not fall within the protections afforded under 11 U.S.C. § 362(h). *See McRoberts v. S.I.V.I. (In re Bequette),* 184 B.R. 327, 335 (Bankr.S.D.Ill. 1995) ("under the plain meaning of the statute, the damages remedy of § 362(h) is limited to natural persons and is not available to corporate plaintiffs"); *Barnett Bank of Southeast Georgia, N.A. v. Trust Company Bank of Southeast Georgia, N.A. (In re Ring),* 178 B.R. 570, 576 (Bankr.S.D.Ga. 1995) ("The term "individual,"

4

however, is limited to natural persons and does not include corporate entities")(citation omitted).[3] *See also, Versar Architects & Engineers, Inc. v. Chem-Nuclear Geotech, Inc. (In re Versar Architects & Engineers, Inc.),* 138 B.R. 620 (Bankr.D.Colo. 1992) (holding that § 362(h) does not apply to corporate debtors).

While there is no Tenth Circuit case on point, other courts have allowed corporate creditors injured by a willful violation of the automatic stay to recover compensatory damages pursuant to the court's discretionary civil contempt powers under 11 U.S.C. § 105(a).[4] *See, e.g., Ring,* 178 B.R. at 577 (concluding that "while Plaintiff is without standing to recover damages from Defendant under section 362(h), it does have standing to initiate a civil contempt proceeding and seek compensation for its damages."); *Bequette,* 184 B.R. at 335 (court would consider whether to award damages for violation of the automatic stay to creditor-bank under § 105(a)).[5] This is because the purpose of the automatic stay is to protect both debtors and

---

[3]*But cf. Paradise Towing, Inc. v. The C.I.T. Group/Sales Financing, Inc.,* ___ B.R. ___, 2005 WL5405829, *3 (W.D.Tex. 2005) (holding that § 362(h) provided a remedy for corporate creditors injured by a willful violation of the automatic stay); *In re Bennett,* 317 B.R. 313, 318 (Bankr.D.Md. 2004) (secured creditor had standing to pursue action for willful violation of the automatic stay under § 362(h)); *In re Homer Nat'l Bank v. Namie,* 96 B.R. 652, 655 (W.D.La. 1989) (finding that corporate creditor had standing under § 362(h)).

[4]LANB is a secured creditor in the Debtor's bankruptcy proceeding. *See* Debtor's Schedule D; Case No. 7-05-14071 MS; Docket # 18.

[5]*See also, Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183, 186-87 (2nd Cir.1990) (finding that corporate debtor injured by violation of the automatic stay may recover damages by invoking the court's civil contempt power); *A & J Auto Sales, Inc. v. United States (A & J Auto Sales, Inc.),* 210 B.R. 667, 670-71 (Bankr.D.N.H. 1997), *aff'd,* 223 B.R. 839 (D.N.H. 1998) (noting that "[t]hree circuit courts of appeals have acknowledged that corporate debtors may recover damages for stay violations through the civil contempt power of section 105.") (citing *Jove Eng'g Inc. v. Internal Revenue Serv.,* 92 F.3d 1539, 1553-54 (11th Cir. 1996), *In re Goodman,* 991 F.2d 613, 620 (9th Cir. 1993) and *Chateaugay,* 920 F.2d at 186-87).

5

creditors. *See Homer Nat'l Bank v. Namie,* 96 B.R. 652, 655 (W.D.La. 1989) ("The purpose of the automatic stay is to protect creditors in a manner consistent with the bankruptcy goal of equal treatment.").[6]

The bankruptcy court has the power pursuant to 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under 11 U.S.C. § 362, the filing of a bankruptcy proceeding operates automatically to stay, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Thus, the Court may use its general civil contempt powers under 11 U.S.C. § 105(a) insofar as the Court is enforcing the provisions of 11 U.S.C. § 362. *See Mountain America Credit Union v. Skinner (In re Skinner),* 917 F.2d 444, 447 (10th Cir. 1990) (concluding that Congress has granted Bankruptcy Courts civil contempt power pursuant to § 105(a), and affirming court's use of § 105(a) to compensate a debtor for injuries suffered as a result of a creditor's violation of the automatic stay). *But see, In re Hunter,* 190 B.R. 118, 119 n.11 (Bankr.D.Colo. 1995) (noting that *Skinner* did not determine whether contempt was the proper remedy for violation of § 362, and declining to use civil contempt to punish an alleged stay violation).

---

[6]As explained by the bankruptcy court in *Ring,*
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against debtor's property. Those who acted first would obtain payment of their claim in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally.

*Ring,* 178 B.R. at 576 (quoting H.R.Rep. No. 95-595, 95th Cong., 2nd Sess. 340 (1978), U.S. Code Cong. & Ad.News 1978, pp. 5787, 6297).

Case 05-01149-s   Doc 143   Filed 08/13/07   Entered 08/13/07 11:14:12 Page 6 of 10

When 11 U.S.C. § 105(a) is used as the source for issuing civil contempt sanctions based on a violation of the automatic stay, the complainant must show that the offending party had actual knowledge of the automatic stay. *See A & J Auto Sales,* 210 B.R. at 671 (finding that because a damages award under § 105(a) requires a showing that a definite and specific order of the court has been violated, unlike a motion under § 362(h), the debtor was required to show that the party had actual knowledge of the stay). Moreover, unlike 11 U.S.C. § 362(h), damages for civil contempt under 11 U.S.C. § 105(a) are discretionary, not mandatory. *Id.* (citations omitted).

In this case, it is clear that Mr. Friedlander had actual knowledge of the automatic stay when he initiated the California Action. He has actively participated in the Debtor's bankruptcy case and related adversary proceedings. He has asserted that the automatic stay protected the beneficial interest of the Debtor in the funds that are the subject of this adversary proceeding. *See* Exhibit 6. The California Action violated the automatic stay inasmuch as it represents a continued effort on the part of Mr. Friedlander to obtain certain funds that are the subject of this adversary proceeding, and in which this Court as already determined the bankruptcy estate holds a beneficial interest. *See* Order on Motion for Determination of Whether Proceeding is Core or Non-Core, p.4 (Docket # 78).

The Court rejects Mr. Friedlander's disingenuous argument that the California Action, which includes a count based on the tort of conversion, is separate and distinguishable from the central disputes raised in this adversary proceeding. Indeed, the first element to be proved in a claim for conversion is "wrongful possession, or of the exercise of a dominion over it in exclusion or defiance of the owner's right, or of an unauthorized and injurious use or of a

7

wrongful detention after demand." *Mine Supply, Inc. v. Elayer Co.,* 75 N.M. 772, 773-774, 411 P.2d 345, 355 (N.M. 1966) (internal quotation marks omitted). The purpose of this adversary is to determine the priority of competing liens against and consequent interests in the funds in escrow so that the funds can be disbursed accordingly. The United States District Court for the District of New Mexico dismissed the California Action upon its transfer to New Mexico because it determined that such action raised the same matters now pending before this Court in this adversary proceeding. *See* Memorandum Opinion and Order Dismissing Complaint; Case No. CIV 06-399 WPJ/LCS (Docket # 46) pp. 13 and 16 (finding that Friedlander failed to state a claim for conversion, and concluding that "Friedlander's suit should be dismissed in its entirety because he has already brought his fraud and prima facie tort claims in Bankruptcy Court where they may be resolved."). Clearly, the filing of the California Action was an attempt by Mr. Friedlander to circumvent the bankruptcy process. Such action is precisely the type of action the automatic stay was designed to prevent. The Court, therefore, finds that the filing of the California Action constituted a violation of the automatic stay for which sanctions for civil contempt under 11 U.S.C. § 105(a) may issue.

Civil contempt must be remedial in nature, and imposed for the benefit of the complainant. *Lucre,* 365 F.3d at 876 (quoting *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). *See also, In re Armstrong,* 304 B.R. 432, 437 (10th Cir. BAP 2004) ("Fines imposed for civil contempt are meant to coerce a defendant into compliance with a court order or compensate the complainant for actual losses.")(citation omitted). LANB incurred attorneys' fees as a result of the filing of the California Action. However, LANB did not file this Motion for Contempt and for Sanctions

8

until several months after the California Action was filed, and after the California Action had been transferred to the United States District Court for the District of New Mexico. LANB has made no showing that the automatic stay in effect as a result of the Debtor's bankruptcy proceeding was raised in the California Action. Thus, while the Court does not question that LANB incurred fees in defending the California Action in the amounts reported on Exhibit 14, the Court does not find it appropriate to award the total amount of the fees requested by LANB. Nevertheless, even if LANB had immediately raised the automatic stay in the California Action as an impediment to the continuation of that proceeding, it would have had to incur attorneys' fees, which, at a minimum would have been $1000.00. Therefore, to compensate LANB for its injury caused by Mr. Friedlander's knowing violation of the automatic stay, the Court will impose civil sanctions against Mr. Friedlander pursuant to 11 U.S.C. § 105(a) in the amount of $1,000.00.

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Contempt and for Sanctions is GRANTED, in part. Sanctions for civil contempt in the amount of $1,000.00 are hereby imposed against Martin S. Friedlander and in favor of LANB. The remainder of the relief requested in the Motion for Contempt and for Sanctions is hereby DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Court

9

COPY TO:

James Jurgens
Attorney for Plaintiff
100 La Salle Cir Ste A
Santa Fe, NM 87505-6976

Martin S. Friedlander
Defendant
10350 Wilshire Blvd Ste 603
Los Angeles, CA 90024-4717