# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JEFFERY W. POTTER,            No. 7-05-14071 MS

     Debtor.
_____

LOS ALAMOS NATIONAL BANK,

     Plaintiff,

v.                                    Adversary No. 05-1149 M

JEFFERY W. POTTER; LEGAL DEFENSE AND
MAINTENANCE TRUST OF CALIFORNIA DATED
8/25/03; MARIANA DANILOVIC, Trustee; MARTIN
S. FRIEDLANDER; KITTY MILLER; FRENCH & FRENCH
FINE PROPERTIES, INC.; and SUMMIT INVESTMENT
COMPANY, LLC,

     Defendants.

## ORDER ON LOS ALAMOS NATIONAL BANK'S MOTION TO STRIKE MARTIN S. FRIEDLANDER'S NOTICES OF SUBSTITUTION AND OF APPEARANCE AS ATTORNEY PRO SE AND PRO HAC VICE (Docs. 73 and 97), TO REVOKE OR MODIFY ORDER ADMITTING MARTIN S. FRIEDLANDER PRO HAC VICE (Doc. 18) AND FOR SANCTIONS

THIS MATTER is before the Court on Los Alamos National Bank's Motion to Strike Martin S. Friedlander's Notices of Substitution and of Appearance as Attorney Pro Se and Pro Hac Vice (Docs. 73 & 97), to Revoke or Modify Order Admitting Martin S. Friedlander Pro Hac Vice (Doc. 18) and for Sanctions ("Motion to Strike"). The Motion to Strike seeks to strike Martin S. Friedlander's notices of substitution and of appearance as attorney pro se and pro hac vice for himself and the Legal Defense and Maintenance Trust of California ("California Trust"), and to revoke or modify the order admitting Martin S. Friedlander pro hac vice. The Court held a final hearing on the Motion to Strike and took the matter under advisement.

1

BACKGROUND FACTS

1. On October 19, 2005, an Order Admitting Attorney Pro Hac Vice ("Pro Hac Vice Order") was entered in this adversary proceeding which authorized Martin S. Friedlander to practice before this Court in this adversary proceeding.[1] The Pro Hac Vice Order does not specify the party for whom Martin S. Friedlander will appear *pro hac vice,* but clearly contemplates his appearance for himself, *pro se.*

2. On June 6, 2006, Martin S. Friedlander filed a Notice of Substitution of Party Defendant; Notice of Appearance of Trust; and Notice of Rescission ("Notice of Substitution"). The First Notice of Substitution recites that Mariana Danilovic resigned as trustee of the California Trust and states that Martin Friedlander is the successor trustee of the California Trust. The First Notice of Substitution purports to enter Martin S. Friedlander's appearance on behalf of the California Trust, "in Pro Se and Pro Hac Vice."

3. On March 22, 2007, Martin S. Friedlander filed a Notice of Assignment by Trustee, Successor Trustee of the Legal Defense Trust of California to Martin S. Friedlander, Individually and Substitution of Martin S. Friedlander Individually as Attorney Pro Se and Pro Hac Vice for Martin S. Friedlander Individually ("Notice of Assignment"). Attached to the Notice of Assignment is an Assignment whereby Martin S. Friedlander, as Successor Trustee of the

---

[1] The Pro Hac Vice Order also purports to authorize Martin S. Friedlander to appear in "all related adversary proceedings in this Chapter 11 proceeding." *See* Docket #18. Since the final hearing on the Motion to Strike, Martin S. Friedlander has filed separate motions to be admitted pro hac vice in the Debtor's bankruptcy case and in all related adversary proceedings, seeking to appear and represent the Debtor, Summit Investment Co., LLC, the former and current trustees of the Legal Defense and Maintenance Trust of California, and "all defendants and plaintiffs who seek my representation in this entire bankruptcy proceeding." (*See* Docket # 140).

2

California Trust purports to transfer assets of the California Trust to Martin S. Friedlander, individually.

4. On April 18, 2007, Martin S. Friedlander filed a Notice of Reassignment by Martin S. Friedlander to Legal Defense and Maintenance Trust ("Notice of Reassignment"). The Notice of Reassignment, and the reassignment document attached thereto, was filed to "undo" the Notice of Assignment and re-assign the assets from Martin S. Friedlander, individually, to the California Trust.

## DISCUSSION

Martin S. Friedlander is an individual Defendant in this adversary proceeding. Thus he may appear *pro se* on behalf of himself individually, and the Court will not strike the entry of appearance of Martin S. Friedlander, *pro se,* in any matter in which he is participating as an individual defendant, party, or creditor. As noted above, the Pro Hac Vice Order does not specify the party for whom Martin S. Friedlander will appear *pro hac vice.* The Court finds that the Pro Hac Vice Order authorizes Martin S. Friedlander to appear on his own behalf and to file documents using the Court's CM/ECF system, but does not authorize his appearance *pro hac vice* on behalf of any party other than himself, individually.

The Notice of Substitution states that Mr. Friedlander is also entering his appearance *pro hac vice* and *pro se* on behalf of the California Trust. New Mexico Local Bankruptcy Rule 2090-1 provides, in relevant part:

    a. Admission to Practice. Admission to practice before a bankruptcy judge is governed by the local rules of the United States District Court for the District of New Mexico except as provided in paragraph (b) below.

    b. Non-resident Attorneys. All attorneys residing outside the District who are members in good standing of the bar of any state may participate in a particular case or proceeding before

3

Case 05-01149-s   Doc 145   Filed 08/13/07   Entered 08/13/07 13:15:00 Page 3 of 9

this court without the association of a resident member of the bar of this court, provided, however, that in any case or proceeding in which the court deems it necessary for the purpose of appearance, or ready availability, or otherwise in the interest of expediting disposition of the case or proceeding, the court may require non-resident counsel to associate a resident member of the bar of this court.

NM-LBR 2090-1.

Unlike the local rules for the United States District Court for the District of New Mexico, non-resident attorneys are not required to associate with local counsel unless the court deems it necessary. *Compare,* D.N.M. LR-Civ 83.3 Admission of Attorneys Licensed Outside the District (requiring an attorneys licensed outside the district who wish to appear in an action before the District Court to associate with a member of the New Mexico federal bar).

New Mexico Local Bankruptcy Rule 9010-2 restricts the pro se appearance of non-individual entities, and provides:

> A corporation or partnership must be represented by an attorney authorized to practice before this court for all purposes except filing proofs of claim or participation in a meeting of creditors.

NM-LBR 9010-2.

The applicable rule of the United States District Court for the District of New Mexico likewise requires that "[a] corporation or a partnership must be represented by an attorney authorized to practice before this Court." D.N.M. LR-Civ 83.7. The District Court for the District of New Mexico has already determined for purposes of applying its local rule D.N.M. LR-Civ. 83.7, that a trust is an artificial entity similar to a corporation requiring representation by licensed counsel to appear before the Court. *See* Martin S. Friedlander, et al. v. Mountain States Indemnity Co., et al, Case No. 06CV1026 JAP/LFG (Docket #14, p. 6) (concluding that "to appear before this Court, the Plaintiff trustee or trust must be represented by licensed counsel.").

4

While a trust may not be an artificial entity for all purposes[2], for purposes of representing a trust in litigation proceedings, the ruling of the United States District Court for the District of New Mexico has equal application in this Court. As noted above, the relevant portion of D.N.M. LR-Civ 83.7 pertaining to representation of corporations and partnerships is identical to NM-LBR 9010-2 of the Bankruptcy Court. Thus, the Court finds that Martin S. Friedlander may not represent the California Trust, *pro se*. Because the Court finds that the NM-LBR 9010-2 requires that the California Trust appear through licensed counsel, the Notice of Substitution is not effective to enter Martin S. Friedlander's appearance on behalf of the California Trust, pro se. Having determined that Martin S. Friedlander may not represent the California Trust, *pro se*, the Court will next consider whether Mr. Friedlander may appear *pro hac vice* on behalf of the California Trust in accordance with NM-LBR 2090. Whether to admit or condition a non-resident attorney's appearance *pro hac vice* lies within the discretion of the Court. *See D.H. Overmeyer Co., Inc. v. Robson,* 750 F.2d 31, 33 (6th Cir. 1984) ("[T]he bankruptcy court is vested with the discretion to determine if *pro hac vice* status should be granted, or . . . revoked."); *Thomas v. Cassidy,* 249 F.2d 91, 92 (4th Cir. 1957)(per curiam)("It is well settled that permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice in a case there pending is not a right but a privilege, the granting of which is a

---

[2]*See* Restatement (Third) of Trusts § 2 (2003), stating that:
> A trust is not a legal entity. A trust is not an entity distinct from its trustees and capable of legal action on its own behalf, but merely a fiduciary relationship with respect to property.

5

matter of grace resting in the sound discretion of the presiding judge.")(citations omitted).[3] For the reasons specified below, the Court finds that Martin S. Friedlander will not be authorized to appear *pro hac vice* on behalf of the California Trust.

The testimony and evidence admitted at the final hearing on the Motion to Strike clearly indicate that Mr. Friedlander has been writing pleadings and other documents on behalf of the Debtor, Jeffery Potter. The Debtor has filed documents that Mr. Friedlander has prepared in the Debtor's bankruptcy case and in certain adversary proceedings. For example, Martin S. Friedlander prepared the notice of dismissal that Jeffery Potter then filed in Adv. Proc. 05-1151 M on the advice of Mr. Friedlander. Similarly, a document entitled Jeffery W. Potter's Approval of Proof of Claim filed by Martin S. Friedlander, Bearing Claim No. 15, Filed on 1/30/06, as a Secured Prior Claim of the Debtor in Possession in the Full Amount Stated and that Said Secured Claim Shall Have Priority over Any Proof of Claim Filed by LANB ("Approval of Proof of Claim") (Case No. 05-14071 MS - Docket #155), is a declaration by Jeffery Potter, but was prepared by Martin S. Friedlander and filed in the case by Martin S. Friedlander.[4] Mr. Friedlander filed the Approval of Proof of Claim, which approves his own claim, purportedly on behalf of the Debtor whom he was not authorized to represent, and at a time when the Debtor

---

[3]*See also, In re Horn,* 285 B.R. 390, 392 (Bankr.N.D.Ohio 2002) (in using its discretion to determine whether to admit a non-resident attorney to appear *pro hac vice,* court also considers "whether the attorney has shown that he will meet the standards of conduct expected of all attorneys who practice" including "timely filing of documents, attendance at court hearings, effective communication with one's own client, advocacy based on a reasoned reading of the law, and a commitment to civility in the profession, evidenced in both written and verbal contacts with opposing counsel and the Court.")(citation omitted).

[4]The Approval of Proof of Claim was subsequently stricken by the Court following a hearing on an order to show case. (*See* Case No. 05-14071 MS; Docket # 186).

6

was represented by other counsel.

The Tenth Circuit has condemned the practice of ghost-writing. *See Duran v. Carris,* 238 F.3d 1268, 1272-1273 (10th Cir. 2001) (stating that "[e]thics requires that a lawyer acknowledge the giving of his advice by the signing of his name[ ]" and holding "that any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved"). Martin S. Friedlander has not been authorized to enter his appearance on behalf of Jeffery Potter in this adversary proceeding, in Mr. Potter's bankruptcy case, or in any other adversary proceeding related to the bankruptcy. This continued, unacceptable practice of drafting documents on behalf of parties Mr. Friedlander has not been authorized to represent is sufficient grounds for the Court, in its discretion, to refuse Mr. Friedlander's admission to practice before this Court *pro hac vice* on behalf of any party other than himself. *Cf. Horn,* 285 B.R. at 392 (refusing to admit non-resident attorney *pro hac vice* based, in part, on attorney's filing of papers on behalf of client without being admitted to do so). *See also, In re Mungo,* 305 B.R. 762 (Bankr.D.S.C. 2003) (revoking attorney's admission *pro hac vice* based on attorney's ghostwriting of pleadings).

In addition to ghost-writing documents for Jeffery Potter, Martin S. Friedlander filed the Notice of Assignment in an apparent attempt to avoid the ruling of the United States District Court for the District of New Mexico so that Martin S. Friedlander could appear *pro se,* on behalf of the California Trust. Martin S. Friedlander confirmed that the intended effect of the subsequent filing of the Notice of Reassignment was to "undo" the Notice of Assignment. These efforts support the Court's determination that Martin S. Friedlander should not be allowed to appear *pro hac vice* on behalf of the California Trust. However, the Court does not find it

necessary to strike the Notice of Assignment in light of the fact that the Notice of Reassignment returned the positions of the parties and res of the California Trust to the positions as they existed prior to the filing of the Notice of Assignment.

Finally, as determined by the Court in the Order Granting, in part, and Denying, in part, Los Alamos National Bank's Motion for Civil Contempt and Sanctions Against Martin S. Friedlander, Mr. Friedlander has knowingly violated the automatic stay by initiating a cause of action in the United States District Court for the District of California.  (*See* Docket # 143). Such action demonstrates Martin S. Friedlander's continued efforts to circumvent and manipulate the bankruptcy process and further supports the Court's conclusion that Martin S. Friedlander should not be given permission to appear *pro hac vice* for any party.

WHEREFORE, IT IS HEREBY ORDERED as follows:

A. In any matter in which Martin S. Friedlander is not the attorney of record for Jeffery Potter, Martin S. Friedlander is prohibited from rendering any legal advice to Jeffery Potter, preparing, drafting, or filing with the Court any documents on behalf of Jeffery Potter, or discussing with Jeffery Potter any matter relating to Jeffery Potter's bankruptcy case and/or all related adversary proceedings.

B.  Martin S. Friedlander may not appear *pro hac vice* on behalf of the California Trust.

C.  The Pro Hac Vice Order (Docket #18) shall apply only to the appearance of Martin S. Friedlander on behalf of himself, individually.

D.  The Notice of Substitution (Docket # 73) is stricken.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

8

Case 05-01149-s    Doc 145    Filed 08/13/07    Entered 08/13/07 13:15:00 Page 8 of 9

COPY TO:

| | |
|---|---|
| James Jurgens | Martin S. Friedlander |
| Attorney for Plaintiff | Defendant |
| 100 La Salle Cir Ste A | 10350 Wilshire Blvd. Suite 603 |
| Santa Fe, NM 87505-6976 | Los Angeles, CA 90024-4717 |